No. 1265.

THE STATE OF LOUISIANA VS. VERNON HENDRICKS.

An indictment is not amenable to duplicity, because it charges one or more acts contemporaneously, germane in character, and altogether making one offense, although each of said acts constitutes in itself a minor offense of the same genus with the graver one charged.

A verdict of guilty of shooting with intent to kill is not responsive to the charge of shooting with intent to murder, nor does it meet any offence denounced by any statute of the State.

Where the indictment is good but the verdict returned is unwarranted and illegal, and is, therefore, annulled and set aside, the accused is thereby not entitled to his discharge, but can be tried again under the same indictment.

APPEAL from the Twelfth District Court, Parish of Avoyelles. *Blackman*, J.

*M. J. Cunningham*, Attorney General; *John C. Wickliffe* and *John N. Ogden*, District Attorneys.

*Cullom & Coco* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant was charged by indictment as follows:

"That Vernon Hendricks * * * did wilfully, feloniously and maliciously make an assault with a dangerous weapon in and upon one Thomas Williams, * * * and did then and there shoot,

State vs. Hendricks.

wound and ill-treat him, the said Williams, with intent him, the said Williams, then and there, to kill and murder," etc.

Under this indictment a trial was had, and the jury returned the following verdict: "We, the jury, find him guilty with an assault with a dangerous weapon, and with shooting with intent to kill."

Thereupon a motion in arrest of judgment was filed, substantially to the effect that the indictment charges, in one count, three separate and distinct offenses, viz: those provided by sections 792, 793 and 794 of the Revised Statutes, and was, therefore, amenable to the charge of duplicity; and, further, that the verdict was not in conformity to, or did not find, any offense known to the laws of Louisiana.

It is true, as charged, that the acts recited in the indictment do constitute one or more offenses recognized by the laws of the State. These acts are, however, of a kindred character, were contemporaneous, were parts of the same affair, and, in point of fact, led up to and culminated in the grave offense charged, which evidently at once constitutes the subject of the prosecution, and that is, substantially, shooting with intent to murder. Sec. 791, R. S.

It is certain that, as a general rule, the inclusion in one count of two separate and distinct offenses is duplicity, and fatal to an indictment, but where the acts charged, even though of themselves each a minor offense, are germane to each other and to the main charge, and taken altogether constitute but one affair and make one offense, it is uniformly held, in letter and spirit, to be out of this general rule, and not, in fact, amenable to the charge of duplicity. 2 vol. Bishop Crim. Pro. 191, 192; 33 Ann. 182, Habe vs. Collins.

There is nothing, therefore, wrong about the indictment; at least, nothing that condemns it as invalid, although inartistically and carelessly drawn; but when we come to consider the verdict, we meet with more difficulty. As stated, it finds the accused guilty, not of shooting with intent to murder, as charged in the indictment, but guilty of shooting with intent to kill, which it is clear is not responsive to the charge, nor does it meet or respond to any other or lesser offense of the same general or, indeed, of any kind prescribed or denounced by any statute or law of the State.

We shall, therefore, be compelled to sustain the second point embraced in the assignment of the counsel, and set aside the verdict, for the cause mentioned.

This will not have the effect of discharging the defendant, but under authority of the State vs. Olivier, recently decided at Monroe,

and not yet reported, supported by the precedents therein cited, the conclusion reached necessitates another trial under the same indictment. State vs. Foster, 36 Ann. 857; State vs. Burden, 38 Ann.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, so far as it quashes the indictment, be annulled, avoided and reversed, and the case be remanded, to be proceeded with according to law and the views herein expressed.